IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. GOODSON III, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. 03-564 |
| | ) Judge Gary L. Lancaster/ |
| CALVIN LIGHTFOOT, Warden, et al., | ) Magistrate Judge |
| | ) Lisa Pupo Lenihan |
| Defendants | ) |
| | ) Re: Doc. No. 34 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the "Petition for Emergency Injunction" be denied.

**II.   REPORT**

**A.   Relevant Procedural History**

Daniel Goodson(Plaintiff), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 29, 2005 he executed a Petition for Emergency Injunction (Doc. No. 34). The motion asserted that Plaintiff is being housed at the Allegheny County Jail ("ACJ") while awaiting federal trial and that his civil and constitutional rights have been violated. He fails to detail this in any specificity, but makes blanket assertions that he "has been treated unfairly" and his rights habe "been grossly violated on an ongoing basis." By way of relief, Plaintiff sought

in his motion an order directing that he be moved to another facility. Defendant's filed a response (Doc. No. 37) stating that Plaintiff has been treated in a fail and dignified manner. Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction.

**B. Applicable Legal Standards**

In determining whether an injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking preliminary relief must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972

(1997)(emphasis deleted).

Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a

3

"plaintiff must make a clear showing that irreparable harm will occur immediately. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

C. **Discussion**

Evan assuming that this court has the authority to order the Department of Corrections or the Bureau of Prisons to house an inmate at any particular location, which the court believes it does not, Plaintiff fails to show the irreparable harm necessary to justify such extraordinary relief. Plaintiff does not state any specific acts that have violated his rights or that will cause him further harm. Plaintiff does not specify an "irreparable injury" and "mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d at 110 (3d Cir. 1976). Plaintiff's bald and conclusory statements are insufficient. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will

4

suffer immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v. Armstrong, 520 U.S. at 972 (emphasis deleted).

For the foregoing reasons, Plaintiff's petition for emergency injunction should be denied.

### III.   CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: October 25, 2005

cc:   The Honorable Gary L. Lancaster
      United States District Judge

**DANIEL J. GOODSON, III**
1312 Woodmont Avenue
P.O. Box 303
New Kensington, PA 15068

5

**Charles P. McCullough**

**J. Deron Gabriel**

Allegheny County Law Department
300 Fort Pitt Commons
445 Fort Pitt Boulevard
Pittsburgh, PA 15219