IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. GOODSON, III | ) | |
| | ) | Civil Action No. 03 - 564 |
| Plaintiff, | ) | |
| | ) | Judge Gary L. Lancaster / |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CALVIN A. LIGHTFOOT, Warden, | ) | |
| A.C.J.; JAMES J. DONNIS, Major ACJ; | ) | |
| RONALD POFI, Capt. Internal Affairs | ) | |
| ACJ; LOUIS LEON, Lt. ACJ; | ) | |
| EMMERICK, Dep. Warden A.C.J.; | ) | |
| JIMMY HONNICK, Sgt. ACJ, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   **RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed due to Plaintiff's failure to prosecute this action.

II.   **REPORT**

Plaintiff's Pretrial Narrative Statement was due to be filed no later than June 14, 2006. No statement was filed, so, on July 11, 2006, the undersigned ordered Plaintiff to file a Pretrial Narrative Statement no later than July 26, 2006. Said Order advised Plaintiff that if no Pretrial Statement was filed, the Court would enter an order to show cause why the case should not be dismissed for failure to prosecute. Nothing having been filed, the Court entered a Show Cause Order for Plaintiff to show cause why the case should not be dismissed for failure to prosecute no later than September 15, 2006. Nothing has been filed by Plaintiff as of this date.

**Plaintiff's Failure to Prosecute**

Plaintiff's Comolaint alleges that he is being housed at the Allegheny County Jail ("ACJ") while awaiting federal trial and that his civil and constitutional rights have been violated. A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding pro se in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's orders to pay the filing fee or file a motion to proceed in forma pauperis. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendants other than general delay. With respect to the third factor, Plaintiff has failed to respond to any of the Court's orders. Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time. Thus, he has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff is proceeding in forma pauperis, it does not appear that monetary sanctions are appropriate. Finally, it does not appear from Plaintiff's allegations that he has a high likelihood to prevail under 42 U.S.C. § 1983. *See* Sandin v. Conner, 515 U.S. 472 (1995) (holding that there is no right to due process unless the deprivation suffered by the prisoner imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). From the change of address the Court has received, it appears that Plaintiff is not longer housed in the Allegheny County jail. It is likely, therefore, that he does not wish to pursue this action further.

### III.     CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated:	September 18, 2006

cc:	Honorable Gary L. Lancaster
	United States District Judge

	DANIEL J. GOODSON, III
	1312 Woodmont Avenue
	P.O. Box 303
	New Kensington, PA 15068

	Counsel of Record